# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

BAILY PARKER,
on behalf of Sherry Parker                                                    PLAINTIFF

V.                          NO. 3:16-CV-237-BD

NANCY A. BERRYHILL, Acting Commissioner
Social Security Administration                                               DEFENDANT

## ORDER

**I.   Introduction:**

Plaintiff Sherry Parker applied for disability benefits on October 10, 2013, and for supplemental security income on October 11, 2013. (Tr. at 11) She alleged that she became disabled on July 13, 2013. *Id*. Her claims were denied initially and upon reconsideration. *Id*. Ms. Parker filed a request for hearing on May 21, 2014. *Id*. Unfortunately, Ms. Parker died in a car accident on November 3, 2014. *Id*. Her children were substituted as the real parties of interest. After conducting a hearing, the Administrative Law Judge ("ALJ") denied the application. (Tr. at 21) The Appeals Council denied the request for review, so the ALJ's decision now stands as the final decision of the Commissioner. Ms. Parker's heirs have requested judicial review.

**II.  The Commissioner's Decision:**

The ALJ found that Ms. Parker had not engaged in substantial gainful activity since the alleged onset date of July 13, 2013. (Tr. at 13) At Step Two of the five-step process, the ALJ found that, during the relevant time, Ms. Parker had the following severe impairments: degenerative disc and joint disease affecting the cervical spine that

required a C5-6 fusion in the remote past, osteoarthritis, evidence to support congestive heart failure, an organic mental disorder, an affective disorder, and an anxiety disorder. (Tr. at 14) Ms. Parker's essential hypertension and obesity were severe when considered in combinations with her other physical impairments. *Id.*

After finding that Ms. Parker's impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that Ms. Parker had the residual functional capacity ("RFC") to perform light work at the unskilled level with additional limitations. She could understand, remember, and carry out only simple work-related tasks and make simple work-related decisions; perform tasks learned by rote; perform jobs requiring little judgment and few changes in the work place, where interpersonal contacts are incidental; and perform jobs where requiring simple, direct, and concrete supervision. (Tr. at 15)

The ALJ found that Ms. Parker was unable to perform her past relevant work. (Tr. at 19) At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Ms. Parker's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform at the light level. (Tr. at 21) Based on that Step Five determination, the ALJ held that Ms. Parker was not disabled. *Id.*

### III.  **Discussion:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means, "enough that a reasonable mind would find

it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). The Court must consider not only evidence that supports the Commissioner's decision, but also, evidence that supports a contrary outcome, but cannot reverse the decision, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    A.    Arguments on Appeal

Plaintiff argues that the RFC finding is not supported by substantial evidence and that the ALJ's question to the VE failed to account for Ms. Parker's obesity. Plaintiff further avers that the VE identified a job that fell outside the limitations included in the hypothetical posed to the VE.

A claimant's RFC represents the most he or she can do despite the combined effects of all of limitations that are supported by the evidence. The ALJ must consider all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant could perform in a work setting. The ALJ must give appropriate consideration to all of a claimant's impairments, both severe and non-severe. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). Here, the Plaintiff contends that the ALJ's RFC finding did not account for moderate difficulty with standing, walking, lifting, and carrying found by Roger Troxel, M.D., in his consultative examination report.

While Dr. Troxel did observe some functional limitations, he also found negative straight-leg raise; no muscle spasm, muscle weakness, or muscle atrophy; and normal gait and coordination. (Tr. at 534-538) He observed decreased range-of-motion in the shoulder, hip, and cervical and lumbar spine. *Id.* But, he found normal range-of-motion in Ms. Parker's elbows, wrists, hands, knees, and ankles. *Id*. Dr. Troxel found no significantly decreased ability to sit, handle, finger, see, or speak. *Id.*

The medical records include no treating-physician opinions relating to Ms. Parker's ability to walk, lift, or carry. Likewise, there is no objective medical testing on her back and neck that would support a more limited RFC than found by the ALJ. Plaintiff bore the burden of proving disability through the first four steps of the evaluative process. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). A claimant "has the responsibility for presenting the strongest case possible." *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

The ALJ relied on Dr. Troxel's opinion of Ms. Parker's physical functionality because the claimant did not provide contrary medical evidence. Dr. Troxel's clinical testing revealed only moderate limitations. Objective tests showing mild-to-moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

Finally, Ms. Parker did not seek out a pain specialist or neurologist; she did not require physical therapy; and her treatment was conservative. The need for only

conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). These factors support the ALJ's RFC finding.

With respect to mental impairments, Ms. Parker certainly complained of depression and anxiety. On at least three occasions, however, her providers noted that she had stopped taking psychiatric medications -- once because she was "tired of taking them." (Tr. at 350, 476, 484) A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) Moreover, Ms. Parker did not engage in treatment with a psychiatric professional. See *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993)(when a claimant has not treated his anxiety, the ALJ is justified in ruling out anxiety as an impairment).

Additionally, the ALJ properly considered Ms. Parker's daily activities that undermined a finding of total disability. During the relevant time, Mr. Parker attended to her personal care, cooked weekly meals, did household chores such as sweeping and laundry, drove her daughter to college, and handled personal finances. (Tr. at 248-249) Inconsistencies between subjective complaints and daily living patterns diminish credibility. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

A state psychiatric consultant examined Ms. Parker and did find some diminished mental capacity. Vickie Caspall, Ph.D., found that Ms. Parker had below-average flexibility (which was not adequately defined), and difficulty in sustaining concentration. (Tr. at 544) But she also observed that Ms. Parker was capable of adequate and socially

appropriate communication, could understand questions, and had no difficulty with persistence. *Id*. Dr. Caspall's assessment is reflected in the RFC, which limits Ms. Parker to unskilled work with tasks learned by rote and with simple and direct supervision. (Tr. at 15) In spite of evidence indicating noncompliance with medication and a failure to seek out psychiatric care, the ALJ included substantial mental limitations in the RFC finding. The RFC was supported by evidence in the record as a whole.

Plaintiff argues that the job of office helper identified by the VE exceeds the limitations set out in the RFC found by the ALJ. The office helper job has an SVP of 2.[1] This corresponds with unskilled work. Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 at *3. Unskilled work is not complex. 20 C.F.R. §§ 404.1568(a), 416.968(b) SSR 83-10 (unskilled work "needs little or no judgment to do simple duties that can be learned on the job in a short period of time").

The office helper job also has a reasoning level of 2, which is defined as the ability to apply common sense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in standardized situations. *Dictionary of Occupational Titles* #239.567-010, 1991 WL 672232. Words such as *common sense, uninvolved, concrete, and standardized* align with an RFC that is

---

[1] Specific Vocational Preparation ("SVP") is defined as the amount of time required by a typical worker to learn the techniques, acquire the information, and develop the facility for average performance in a specific job situation. *See Dictionary of Occupational Titles*, App. C, Components of the Definition Trailer, 1991 WL 688702.

limited to simple, supervised work. And they fit with someone who could perform the activities of daily living that Ms. Parker could. Plaintiff's argument that the job of office helper exceeded her capabilities is not persuasive.

Finally, Plaintiff argues that the question the ALJ posed to the VE should have included obesity as a limitation. The ALJ did consider Ms. Parker's obesity, in combination with her other impairments, and found it to be a severe impairment. Notably, Dr. Troxel did not list obesity as a limiting impairment. (Tr. at 534) And obesity was not listed as a medically determinable impairment by the non-examining state medical consultants. (Tr. at 69, 86) Plaintiff had the burden at Steps One through Four to show that obesity significantly limited her functional capacity, and there was no evidence offered to that effect. *Moore*, 572 F.3d at 523. No treating physician placed any restriction on Ms. Parker as a result of obesity. A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003). In any event, a hypothetical question posed to a VE need only include those impairment and limitations the ALJ finds credible. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005). The ALJ did not err by not including obesity in the hypothetical question.

**IV. <u>Conclusion</u>:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ's RFC determination was supported by the evidence in the record as a

whole, and the job identified by the VE did not exceed Ms. Parker's ability. The hypothetical posed to the VE fully incorporated Ms. Parker's functional limitations. The finding that Ms. Parker was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 21st day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE